ANDREW M. MORSE (4498)
RICHARD A. VAZQUEZ (9128)
R. SCOTT YOUNG (10695)
SNOW, CHRISTENSEN & MARTINEAU
10 Exchange Place, 11th Floor
Post Office Box 45000
Salt Lake City, Utah  84145
Telephone:  (801) 521-9000
*Attorneys for Plaintiff*

---

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| BENNETT TRUCK TRANSPORT, LLC, a Georgia limited liability company, | **COMPLAINT** **(JURY DEMANDED)** |
| Plaintiff, | |
| vs. | Civil No: 2:15-cv-00706-DS |
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA, a Pennsylvania corporation; and KENNECOTT UTAH COPPER, LLC, a Utah limited liability company, | Judge David Sam |
| Defendants. | |

Plaintiff Bennett Truck Transport, LLC complains, and seeks a declaratory judgment as follows:

### PARTIES AND JURISDICTION

1.      Plaintiff Bennett Truck Transport, LLC ("Bennett") is a Georgia limited liability company whose members, upon information and belief, are citizens of Georgia.

2.     Defendant The Insurance Company of Pennsylvania ("ICSOP") is a Pennsylvania corporation with its principal place of business in New York.

3.     Defendant Kennecott Utah Copper, LLC, ("Kennecott") is a Utah limited liability company whose members, upon information and belief, are citizens of Utah.

4.     There is complete diversity of citizenship among plaintiff and all defendants in the present action.  The amount in controversy herein exceeds $75,000 exclusive of interest and costs.

5.     Jurisdiction is therefore proper in this Court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and pursuant to 28 U.S.C. § 1332. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

6.      ICSOP insured Kennecott under Auto Policy No. 720-44-95, effective May 31, 2013 to May 31, 2014 (the "Policy.")  The Policy contains a $1,000,000 deductible, for which Kennecott is ultimate responsible.  A true and correct copy of the Policy is attached as Exhibit A.

7.      On February 3, 2015, Jeanette Riley, individually and on behalf of the heirs and as personal representative of the Estate of Stanley Joseph Riley, filed a Second Amended Complaint' ( the "Complaint") against Kennecott, Bennett and various related entities, Ivan Fennell, and the Utah Department of Transportation. The Complaint alleges that Joseph Riley was employed by the Jordan School District as a school bus driver. The Complaint further alleges that on November 13, 2013, Mr. Riley was killed when the bus he was driving was struck by a cable reel truck owned by Kennecott and driven by Fennell. The Complaint alleges that Kennecott hired Bennett to transport the cable reel truck and that Fennell, "an employee of Bennett Trucking," caused the subject accident by running a red light and striking the bus driven

by Riley. As to Bennett and Fennell, Plaintiff asserts negligence/recklessness and respondeat superior. A true and correct copy of the Complaint is attached as Exhibit B.

8.      Bennett, in a letter from its counsel, tendered defense of the Complaint to Kennecott (due to its $1 million deductible with ICSOP) via a letter to its counsel dated November 11, 2014.  A true and correct copy of that tender is attached as Exhibit C.

9.      On or around February 19, 2015, counsel for Kennecott sent counsel for Bennett a letter stating that Kennecott had forwarded the October 21, 2014 tender letter to ICSOP for consideration.  A true and correct copy of that letter is attached as Exhibit D.

10.     On or around June 15, 2015, Tracy Peterson, a representative of ICSOP, issued a letter to counsel for Bennett denying Bennett's tender on the basis that since neither Bennett nor Fennell had "permission to operate the cable reel truck," they were not insureds under the Policy. A true and correct copy of Tracy Peterson's letter is attached as Exhibit E.

11.     However, the Policy itself does not require that an individual/entity have permission to "operate" an auto to be considered an insured.  Rather, it merely requires that the individual/entity have permission to "use" an auto to be considered an insured.  The Policy reads in relevant part: "The following are insureds: … anyone else while *using* with your permission any covered auto you own, hire, or borrow…" (emphasis added)

12.     The Utah Supreme Court case of *Speros v. Fricke*, 98 P.3d 28 (Utah 2004) shows that under applicable Utah law the term "use" in an auto liability insurance policy does not have the same meaning as "operate."

13.     *Speros*, as well as other applicable law including but not limited to *Benjamin v. Amica Ins. Co*,. 140 P.3d 1210 (Utah 2006) , shows clearly that according to the allegations of

the Complaint, both Bennett and Mr. Fennell were permissive *users* of the cable reel truck, thus triggering ICSOP's duty to defend Bennett and Fennell.

14.    Upon information and belief, neither ICSOP nor its representatives, including but not limited to Tracy Peterson, reviewed the *Speros*, *Benjamin*, and / or applicable Utah insurance law prior to denying Bennett's tender of defense.

### FIRST CLAIM – DECLARATORY JUDGMENT – ALL DEFENDANTS

15.    The above paragraphs are entirely incorporated by reference

16.    An actual and justiciable controversy has arisen between the parties regarding their respective rights and obligations under the Policy and whether the Policy provides coverage for Bennett for the claims and allegations set forth in the Complaint.

17.    There  is no adequate remedy by which these controversies may be resolved other than the relief requested herein.

18.    Bennett therefore respectfully requests that this Court adjudicate and declare the rights and obligations of the parties under the policies pursuant to Rule 57, Federal Rules of Civil Procedure, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, and specifically enter a declaratory judgment in Bennett's favor stating that ICSOP and Kennecott both have a duty to defend and indemnify Bennett with regard claims alleged in the Complaint.

### SECOND CLAIM – BREACH OF CONTRACT - ICSOP

19.     The above paragraphs are entirely incorporated by reference.

20.    ICSOP breached the Policy by refusing to defend or indemnify Bennett with regard to the allegations set forth in the Complaint.

21.    Bennett is entitled to damages for breach of contract in an amount to be determined at trial.

### THIRD CLAIM – BAD FAITH - ICSOP

22.    The above paragraphs are entirely incorporated by reference

23.    ICSOP breached the implied covenant of good faith and fair dealing with its insured, Bennett by, among other things, failure to conduct a reasonable investigation prior to denying Bennett's tender of defense; Failure to timely respond to Bennett's tender of defense; Failure to analyze or consider relevant and applicable law in its analysis of Bennett's tender of defense; and by breaching provisions of the Utah Unfair Claims Settlement Practices Act and related regulations.

24.    Bennett is entitled to damages in an amount to be determined at trial, including reasonable attorneys' fees incurred herein.

### PRAYER FOR RELIEF

WHEREFORE Bennett prays:

1.    That the Court declare the rights and obligations of each of the parties with regard to the dispute;

2.    That the Court declare that ICSOP and Kennecott have a duty to defend and indemnify Bennett for the allegations set forth in the Complaint;

3.    For compensatory damages for breach of contract awarded jointly and severally against Kennecott and ICSOP  in an amount to be determined at trial;

4.    For damages for breach of the implied covenant of good faith and fair dealing against ICSOP in an amount to be determined at trial;

5.  For reasonable attorneys' fees incurred herein;

6.  For costs of suit; and

7.  Any other relief that the Court deems just and equitable.

DATED this 30th day of September, 2015.

SNOW, CHRISTENSEN & MARTINEAU

Andrew M. Morse
Richard A. Vazquez
R. Scott Young
*Attorneys for Plaintiff*